IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATHAN WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 1:07-CV-930-WKW |
| | ) |
| KEITH REED, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

This case is before the court on 28 U.S.C. § 2254 petition for habeas corpus relief filed on October 15, 2007 by Nathan Williams ["Williams"], a convicted state felon currently incarcerated at the Houston County Jail.[1] In this petition, Williams challenges convictions for first degree rape and sexual abuse imposed upon him by the Circuit Court of Houston County, Alabama on September 14, 2007. The court sentenced Williams for these convictions on October 1, 2007. It is therefore clear to the court that Williams has has failed to exhaust available state remedies with respect to each of the claims now pending before this court. Specifically, Williams may present his claims either in post-conviction motions to the trial, on direct appeal or in a petition filed pursuant to Rule 32

---

[1] Although the Clerk stamped the petition filed on October 17, 2007, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Williams certified that he executed this federal habeas petition on October 15, 2007. *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 14. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Williams] signed it....." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of this federal habeas proceeding, the court considers October 15, 2007 as the date of filing.

of the Alabama Rules of Criminal Procedure.

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed by the petitioner, it is clear that he has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that the petitioner exhaust his available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, a stay of this case is not warranted pending the outcome of any state court proceeding initiated by Williams as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005). Accordingly, it is

ORDERED that on or before November 5, 2007 the petitioner shall show cause why this petition should not be dismissed for his failure to exhaust available state remedies.

Done this 19th day of October, 2007.

                          /s/ Wallace Capel, Jr.
                         WALLACE CAPEL, JR.
                         UNITED STATES MAGISTRATE JUDGE